290 So.2d 93 (1974)
Albert Lee OSBORNE, Appellant,
v.
STATE of Florida, Appellee.
No. S-392.
District Court of Appeal of Florida, First District.
February 19, 1974.
*94 Richard W. Ervin, III, Public Defender; David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellee.

ON MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, FOR DISCHARGE
SPECTOR, Judge.
Appellant has filed a "Motion to Set Aside Appeal and Order a New Trial, or in the Alternative, Vacate the Adjudication and Sentence and Order that the Trial Court Enter a Judgment of Not Guilty and that the Appellant be Discharged".
Mr. Osborne was convicted of armed robbery and sentenced to life imprisonment following a presentence investigation, apparently consisting of an inquiry into records of the Florida Bureau of Law Enforcement. As recited by the court at sentencing, those records revealed that appellant "... was involved in an illegal liquor case in 1963, prostitution in 1963, having obscene materials in '63, burglary in '65, robbery in '66; he was sentenced to the State Prison in the robbery case. He was arrested in '69 for violation of parole. He was arrested for burglary in November of '71; he was arrested for robbery in October of this year; whether that's this case or the others, I don't know... ."
Following imposition of sentence, appellant timely appealed to this court. When the transcript of the trial proceedings was filed, appellant's counsel observed that there were missing certain portions and appellant filed a motion to complete the record, supported by affidavit of trial counsel as to the missing parts. Pursuant to said motion, this court entered its order directing the court reporter to supplement the record by providing the omitted portions. A supplemental record was filed but when it was perused by trial counsel for appellant, he was of the view that there yet remained missing portions of the transcript. Accordingly, a new motion to correct the record was filed pursuant to Florida Appellate Rule 3.6(l), 32 F.S.A., and on May 17, 1973, we temporarily relinquished jurisdiction of this cause to the trial court for an evidentiary hearing to determine the completeness of the record on appeal and a hearing was held resulting in the entry of an order on September 18, 1973, containing the following findings of fact:
"1. That the Record on Appeal was not complete.
2. That Certain motions and arguments made outside the hearing of the jury by the defense counsel were not recorded by the Court Reporter due to the inexperience of the Court Reporter.

*95 3. That certain objections to the introduction of evidence were not recorded due to the inexperience of the Court Reporter.
4. That included in the Motions and arguments made by the defense counsel that were not recorded by the Court Reporter were motions for directed verdicts of acquittal at the conclusion of the State's evidence and at the conclusion of all evidence.
5. That included as part of the arguments made by defense counsel that were not recorded by the Court Reporter were arguments of the Wade and Gilbert decisions in support of defense counsel's objection to the identification of the Defendant by the alleged victim."
On October 9, 1973, appellant filed the motion now under consideration in which he urges that he is entitled to either a new trial or an outright discharge from his robbery conviction and life sentence consequent thereon. In support of his motion, appellant cites cases holding, in essence, that a party is entitled to have a properly prepared record so that he can present his case to the appellate court on the basis of what occurred in the trial court. Jarvis v. State, 115 Fla. 320, 156 So. 310 (1934); and Lovett v. State, 29 Fla. 384, 11 So. 176 (1892).
There is no question that appellant is entitled to a transcript of the trial proceedings so that he can prosecute his appeal. The trial court found by its order of September 18, 1973, that the record was not complete. However, he did find several specific matters that are missing.
First, he found that defense motions for directed verdicts of acquittal at the conclusion of the state's evidence and at the conclusion of all evidence were omitted from the transcript. Should we discharge the appellant, who was characterized by the trial court at the time of sentencing as a psychopath beyond rehabilitation who "has no business running loose threatening the lives of good people", because of this omission from the transcript? Of course not! That omission is readily cured by allowing appellant to assign and argue as error the trial court's denial of his motion for directed verdict. There has been no suggestion that the testimony of witnesses has in any way been omitted. If the evidence is not there, the motions should have been granted and we will not be precluded from so ruling because of the reportorial omission.
Appellant also contends that the omission of argument made by counsel in support of various motions is fatal. He points particularly to his argument in support of his objection to identification of the defendant based on the Wade and Gilbert decisions. There is no error inherent in the omission of argument from a trial transcript. Addison v. United States, C.A. 5th, 1963, 317 F.2d 808, 811, cert. denied 376 U.S. 905, 84 S.Ct. 658, 11 L.Ed.2d 605. Nor is there error in failing to record conference with counsel. Strauss v. United States, C.A. 5th, 1963, 311 F.2d 926.
The trial court's order also found that certain motions made outside the hearing of the jury and certain objections to introduction of evidence were not recorded. No assertion is made by counsel as to what motions were omitted. Counsel stated during argument before the court that he had not personally or by telephone conversed with appellant's trial counsel in an effort to ascertain what motions the trial court was referring to. Since these motions and objections have not been identified, it can hardly be said that the absence from the transcript of such motions and objections were so prejudicial as to require invalidation of the conviction. Defects in the record must be of a prejudicial character, not merely inconsequential inaccuracies or omissions, in order to justify a new *96 trial. United States v. Di Canio, C.A.2d, 1957, 245 F.2d 713, cert. denied 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79.
Counsel for both the appellant and the appellee have fallen quite short of what we perceive their duty to be as officers of this court in attempting to reconstruct the record of what transpired below. Neither has spoken to their counterparts at the trial level in an effort to ascertain a basis for stipulation as to the omissions. It will benefit appellant's counsel none if he stands uninformed for if he continues to be without knowledge as to the motions and objections in question, he can hardly urge that the omissions were prejudicial as required by United States v. Di Canio, supra. Similarly, it will avail appellee little to remain aloof. While appellee is not required to assist appellant in the preparation of his case, appellee does have a duty initially to provide a fair trial and that includes a transcript of the trial proceedings. Where, as is here the case, the transcript contains omissions, we perceive a duty on the part of both sides to make diligent inquiry and effort to cure the defect.
Appellant's motion for new trial or discharge is denied. Appellant is granted leave to urge as error the denial of both motions for directed verdict. Appellant is granted leave to urge as error the failure to suppress identification testimony which he contends violates the decisional principle of the Wade and Gilbert cases. The appellant may urge as error the denial or overruling of any motions or objections made by him during trial which find some basis in the testimonial transcript. We realize, of course, that allowing appellant to argue motions and objections not expressly appearing in the record gives him an advantage not always afforded litigants. However, such leeway is limited significantly by the requirement that there be a testimonial basis for the motion or objection. We think this is a far more appropriate way to both assuage appellant's right to due process on the one hand and penalize the state on the other for having failed to provide adequate reporting services in a trial in which a man is charged with an offense punishable by life imprisonment.
RAWLS, C.J. and JOHNSON, J., concur.