409 So.2d 1161 (1982)
John William MORRIS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent.
No. AI-225.
District Court of Appeal of Florida, First District.
February 16, 1982.
*1162 John William Morris, pro se.
No response for respondent.
PER CURIAM.
Petitioner alleges that his gain time has been improperly calculated, in violation of Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). However, he has not shown that he has exhausted his administrative remedies and timely filed for review of final agency action in this Court, pursuant to § 120.68(1), Fla. Stat. (1979). Rule 33-3.07, Fla. Admin. Code, dictates a two-step review process within the Department of Corrections, prior to judicial review of the order of the Secretary or his representative. This Court has no jurisdiction over petitioner's case because he fails to show that he filed this petition within 30 days of the Secretary's response to an inmate grievance appeal. See Fla.R.App.P. 9.110. This Court stated in Holman v. Florida Parole and Probation Commission, 407 So.2d 638 (Fla. 1st DCA, 1981), that "[i]f the date of final agency action is included in a petition and if that date is within 30 days of the filing of the petition, this Court can treat the petition as a notice of appeal, see Fla.R.App.P. 9.040(c), and ultimately consider the cause on its merits."
We hold that the above rule applies to inmate grievances against the Department of Corrections. Accordingly, the petition for writ of mandamus is denied for failure to allege and show exhaustion of administrative remedies.
JOANOS, BOOTH and SHIVERS, JJ., concur.