PER CURIAM.
This court dismissed the petition for writ of habeas corpus because Sawyer, an inmate in the Florida prison system, had not alleged facts showing that he is entitled to immediate release from close management custody. He has now filed, in reference to this dismissed case, a motion asking this court to order respondent to allow him to use the writ room (annex to law library) for purposes of doing legal research in order to properly prepare a petition.
This court cannot rule on motions which seek relief unrelated to that requested in the original petition. Rule 9.330(a), Florida Rules of Appellate Procedure, permits this court to entertain a motion for rehearing or clarification, if it is filed within 15 days of our order. We decline to treat the motion inappropriately filed in this case, as a motion for rehearing or for clarification, because it does not address our dismissal of the petition.
*1028 When an inmate, as petitioner in this “motion”, desires to have a Department of Corrections officer’s action set aside, he should first exhaust his administrative remedies, showing which rules and/or statutes are being violated. See Fla.Admin.Code Rule 33-3.07. If he does not receive the relief sought at the administrative level, he should timely seek judicial review of the final agency action by appeal to this court. See Morris v. Wainwright, 409 So.2d 1161 (Fla. 1st DCA 1982); Fla.R.App.P. 9.110(c). When an inmate, as petitioner in his original petition, seeks immediate release from custody, he should seek a writ of habeas corpus from the circuit court in the county where his institution is located. If he does not receive the relief sought in the circuit court, he should timely appeal the final order of the circuit court to the appropriate district court of appeal. See Fla.R.App.P. 9.110(b).
We therefore decline to rule on petitioner’s motion filed in a dismissed case. We further decline to treat the motion as a petition for writ of mandamus because petitioner has not shown that permitting him to use the writ room is a ministerial duty of the Department of Corrections officer and because petitioner has not exhausted his administrative remedies. Finally, we cannot treat this motion as a notice of appeal because there is no final agency action to review.
MILLS, ERVIN and WIGGINTON, JJ, concur.