503 So.2d 939 (1987)
Daniel J. MILLARD, Appellant,
v.
STATE of Florida, Appellee.
No. BO-139.
District Court of Appeal of Florida, First District.
February 24, 1987.
Rehearing Denied April 1, 1987.
Daniel J. Millard, pro se.
No appearance for appellee.
MILLS, Judge.
This is a timely appeal from an order granting in part Millard's motion for post-conviction relief sought pursuant to Florida Rule of Criminal Procedure 3.850. Two points have been raised for our consideration. First, whether Millard's total sanction of nine years of incarceration and six years of probation violates Florida Rule of Criminal Procedure 3.701(d)(12) because Millard's recommended sentence under the guidelines was for 12 years and no written reasons were provided *940 for the sentencing departure by the trial court. And, secondly, whether the trial court upon responding to Millard's Rule 3.850 motion by ordering him to complete a term of community service pursuant to Section 27.3455, Florida Statutes (1985), in lieu of the court costs imposed at the time of his sentencing, committed error by not notifying the Department of Corrections of Millard's eligibility for gain time.
Pursuant to a plea of nolo contendere, Millard was found guilty of escape in violation of Section 944.40, Florida Statutes (1985), on 3 March 1986. As a result, he was sentenced to nine years of incarceration and six years of probation. No direct appeal was taken from this sentence and judgment.
Thereafter, on 20 May 1986 Millard filed a motion for post-conviction relief asserting that (1) his sentence was illegal as it represented a departure from the sentence recommended under the guidelines and no written reasons had been provided in justification of the departure, and (2) he should not have been ordered to pay $200 in court costs under Section 27.3455, Florida Statutes, by virtue of the fact he had been declared an indigent by the court.
On 28 May 1986, the trial court entered an order denying relief as to the first asserted error and directing the state attorney to respond to Millard's second claim. The State filed an answer on 9 June 1986. Following this, a second order was entered on 25 June 1986. In this order, the trial court relying on Noland v. State, 489 So.2d 873 (Fla. 1st DCA 1986), directed Millard to complete 60 hours of community service in lieu of the $200 court costs imposed at the time of his sentencing. This was the relief requested by Millard in his motion. This timely appeal then followed.
We would first note that this case presents the court with an unusual procedural situation in that two separate orders were rendered addressing Millard's Rule 3.850 motion. The first order denied the claim made under the first point urged on appeal. The second order granted the relief requested by Millard concerning the imposition of community service in lieu of court costs. No direct appeal was taken from the first order; therefore, it can be argued that this court is without jurisdiction to address the first issue herein presented. However, it could also be validly argued that the first order was of an interlocutory nature and, consequently, an appeal could not be properly taken until the second order was issued.
Without reaching this question, we affirm on the first point raised. Millard is obviously unaware that Florida Rule of Criminal Procedure 3.701 and the Committee Notes adopted by the Supreme Court as part thereof were amended in 1984. See, The Florida Bar: Amendment to Rules of Criminal Procedure (3.701-3.988-Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
The Committee Note to Rule 3.701(d)(12) now reads as follows:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
Millard was convicted of a second degree felony. The maximum sentence authorized by law for such an offense is 15 years. The total sanction Millard received in this case was 15 years; therefore, it can be seen his sentence is within the guidelines and no error has been demonstrated.
Under the second point on appeal, Millard asks this court to notify the Department of Corrections of his eligibility for gain time and to direct the department to correct his commitment papers accordingly. In other words, Millard wants his motion to be treated as a petition for a writ *941 of mandamus. We decline to do so, as Millard has not shown that he has exhausted his administrative remedies. Morris v. Wainwright, 409 So.2d 1161 (Fla. 1st DCA 1982); Jones v. Wainwright, 298 So.2d 542 (Fla. 2d DCA 1974).
Rule 33-3.07, Fla. Admin. Code, dictates a two-step review process within the Department of Corrections, prior to judicial review. Morris v. Wainwright, supra. In Curry v. Wainwright, 422 So.2d 1029 (Fla. 1st DCA 1982), this court specifically held that a prison inmate had not established his right to have statutory gain time calculated under a certain statute where he had not shown he had exhausted his administrative remedies. Accordingly, we affirm on this issue without prejudice to Millard's right to seek relief through the inmate grievance procedure provided in Rule 33-3.07, Fla. Admin. Code.
AFFIRMED.
BOOTH, C.J., and THOMPSON, J., concur.