ORFINGER, Judge.
This appeal is submitted with an An-ders [1] brief, and we agree that no trial errors are demonstrated.
Defendant was convicted on Count I of attempted trafficking in excess of 100 pounds of cannabis, a second degree felony. On Count II, defendant was convicted of conspiracy to traffic in excess of 100 pounds of cannabis, a first degree felony. § 893.135(4), Fla.Stat. (1985). This *419 statute requires that a person convicted of such conspiracy be punished “as if he had actually committed such prohibited act.” Therefore, under the conspiracy conviction, it was mandatory that defendant be fined $25,000 and be imprisoned for a minimum period of three years. § 893.135(1)(a)1. State v. Niemcow, 505 So.2d 670 (Fla. 5th DCA 1987). The trial court correctly imposed the $25,000 fine, but incorrectly imposed it on Count I where it is not required instead of on Count II, where it is. Defendant’s five year concurrent sentences of imprisonment to be followed by five years of probation are not departure sentences because the incarcerative portion is within the recommended guidelines range, and the combined period of incarceration and probation does not exceed the maximum statutory penalty for either crime. See McDowell v. State, 491 So.2d 594 (Fla. 5th DCA 1986); Fla.R.Crim.P. 3.701, Committee Note (d)(12). The convictions are affirmed. The sentences are vacated and the cause is remanded for entry of corrected sentences. The defendant need not be present at re-sentencing.
Convictions AFFIRMED.
Sentences VACATED and REMANDED.
UPCHURCH, C.J., and COBB, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).