528 So.2d 474 (1988)
George David THRASHER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-247.
District Court of Appeal of Florida, First District.
July 8, 1988.
Rehearing Denied August 12, 1988.
*475 George David Thrasher, pro se.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant George David Thrasher appeals his conviction and sentence, after a jury found him guilty of the offense of burglary of a structure. Appellant alleges error with respect to four issues: (1) the denial of his motion for a continuance, (2) the alleged excessive guideline sentence unsupported by reasons for departure, (3) the imposition of restitution, and (4) the directions to the court reporter. We affirm the conviction and sentence, but reverse the order of restitution.
The record in this case reflects that at 4:30 a.m., on November 21, 1986, officers responded to a report of a burglary in progress at Beer Haven Lounge. When the officers arrived at the lounge, they observed a person inside the building through an open window. A search of the premises revealed that several vending machines had been pried open. Appellant was discovered crouched in a corner of a restroom, with a pair of gloves and a screwdriver in his hands. The officers found a large yellow bag containing quarters, coin wrappers, and screwdrivers, in the area where appellant had been crouching. Appellant told the officers the bag belonged to him. The money in the bag totalled $206.50  $204.50 in quarters and two one-dollar bills. Subsequently, appellant was transported to the Sheriff's office, where he agreed to a tape recording of the investigative interview.
The case was tried before a jury on March 12, 1987. Prior to trial, appellant's counsel moved for a continuance, because a witness who had agreed to testify for the defense, was unable to attend the trial due to illness. Appellant's counsel stated the witness suffers from hypoglycemia, the same malady with which appellant is afflicted, and that her testimony would address the erratic behavior of persons who have hypoglycemia. Counsel further represented that one of appellant's defenses was that he was ill at the time he was involved in the incident for which he was arrested and tried. The state opposed the continuance, arguing the testimony of the lay witness was neither relevant nor admissible. The motion for continuance was denied, and the case proceeded to trial.
Appellant was the only witness for the defense. He testified that approximately a year prior to the incident for which he was on trial, he had been diagnosed as having hypoglycemia. According to appellant, when his blood sugar level drops, he gets sick and he does not know what he is doing. Appellant said he reaches this state if he does not eat every two or three hours. He described his condition as the opposite of diabetes.
After deliberating eleven minutes, the jury returned a verdict of guilty. A single sentencing proceeding encompassed sentencing for the separately-tried burglaries. The recommended guideline sentencing range was seven to nine years. The trial court imposed a five-year sentence in Case No. 87-246, Circuit Court No. 86-2458, and a four-year sentence to be followed by a one-year period of probation in the instant case, Circuit Court No. 86-2459. The sentence in the instant case is to be served consecutively to the five-year sentence in Case No. 87-246. In addition to the sanctions of incarceration and probation, appellant was directed to pay restitution in the amounts of $206.50 to the owner of Beer Haven Lounge, and $620.00 to No-Name Lounge, the subject of the burglary conviction in Circuit Court No. 86-2458.
Thereafter, the Assistant Public Defender assigned to assist appellant in this appeal *476 filed a brief pursuant to the guidelines set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that in his judgment no good faith argument can be made that harmful error occurred in the trial court proceedings. Appellant then filed a brief in proper person, to which the state has responded.
The first issue raised in this appeal concerns the propriety of the trial court's denial of appellant's motion for continuance. Appellant contends that the testimony of his proposed witness was "uniquely necessary for a full and adequate trial." See Fla.R.Crim.P. 3.191(f). Under rule 3.191(f), the trial court may provide for an extension of time under the speedy trial rule "where exceptional circumstances are shown to exist." The rule states in pertinent part that 
Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; ...
While the unforeseeable unavailability of a witness is a ground for extension of the speedy trial rule, "the trial court's determination of exceptional circumstances is a matter of discretion based on the facts presented below." Routly v. State, 440 So.2d 1257, 1261 (Fla. 1983), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984).
In this case, appellant's motion for a continuance was predicated on the unavailability, on the morning of trial, of a defense witness who would testify to the erratic behavior of a person suffering from hypoglycemia. In addition, the witness was expected to testify to appellant's periodically erratic behavior during the year prior to trial in this case. After learning that the defense did not plan to offer medical testimony that appellant was hypoglycemic, and after considering the state's argument in opposition, the trial court denied the motion without further comment.
Subsection (1) of the rule does relate to the unexpected illnesses of key witnesses. Nevertheless, in light of the absence of any medical evidence that appellant does in fact suffer from hypoglycemia and the overwhelming evidence of guilt which appears in this record, we find no abuse of discretion in the trial court's denial of a continuance in this case.
The second issue pertains to appellant's allegation that the combined sentences imposed in this case exceed the recommended guideline sentence of seven to nine years, without supporting reasons for departure. This particular issue is governed by Florida Rule of Criminal Procedure 3.701(d)(12) and the committee note thereto. Rule 3.701(d)(12) states:
Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
The concomitant committee note explains:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarceration portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
The sentencing issue presented in Millard v. State, 503 So.2d 939 (Fla. 1st DCA 1987), is identical in principle to the sentencing issue raised in the instant case. In Millard, the guidelines range was twelve years. The total sanction imposed was nine years incarceration and six years probation, with no written reason provided for departure. Millard was convicted of a second degree felony, which carries a maximum penalty of fifteen years. This court referenced the committee note to rule *477 3.701(d)(12), and held that since the total sanction imposed was fifteen years, the sentence was within the guidelines and no error had been demonstrated. Millard, 503 So.2d at 940. Accord Chudeusz v. State, 508 So.2d 418 (Fla. 5th DCA 1987).
Appellant in the instant case received a sentence of five years in Case No. 87-246, and a sentence of four years to be followed by a one-year period of probation in this case. The offenses in both cases were third degree felonies, which carry a maximum penalty of five years. § 810.02(3), Fla. Stat. (1985); § 775.082(3)(d), Fla. Stat. (1985). The recommended guideline range was seven to nine years. Therefore, the total sanction imposed, that is, nine years incarceration plus a one-year period of probation, did not exceed the seven-to-nine-year incarcerative period provided by the guidelines, and did not exceed the maximum term of ten years provided by general law.[1]
The third issue pertains to the provision requiring appellant to pay restitution to the owner of the Beer Haven Lounge in the amount of $206.50 and to No Name Lounge in the amount of $620.00. At the outset, we find no merit in appellant's assertion that the trial court exceeded its jurisdiction by ordering restitution in an unrelated case. The document containing the sentencing and restitution provisions makes a distinction between the sanctions imposed in the two cases. That is, our reading of the document leads us to conclude that the $206.50 restitution amount pertains to the instant case, and the $620.00 restitution amount pertains to Case No. 87-246, Circuit Court No. 86-2458. In a similar vein, since the record reflects that the money found in appellant's yellow bag was returned to the owner of the Beer Haven Lounge, we find the state's argument that the restitution issue was not preserved for review to be inapplicable in this instance.
Although the record in this case is silent with respect to an objection to restitution, or to compliance with the provisions of section 775.089(6), Florida Statutes (1985),[2] the record does reflect that the amount ordered in this case was found in the bag at the time of the offense and was returned to the bar by the Sheriff's office. Because the direct monetary loss in this case was temporary, encompassing just the time the Sheriff's office held the money involved in the robbery attempt before returning it to the bar owner, it is conceivable that the restitution ordered was in contemplation of the damage to the bar's vending machines. However, in light of the fact that the restitution amount was the same amount taken from the vending machines, we conclude that the restitution order contemplated the vending machine money. Since the record reflects that the bar owner recovered the full amount involved in the burglary, we reverse the $206.50 restitution ordered in this case.
The final issue concerns the trial court's failure to direct the court reporter to prepare a complete record in this case. Appellant contends the trial court's failure to provide for preparation of an adequate record deprived him of the right to a full argument of the issues. Our examination of the record demonstrates that defense counsel's request for transcription of the suppression hearing, which appellant maintains was essential to this appeal, was directed to Case No. 87-246, Circuit Court No. 86-2458. The trial court's order in this case, Circuit Court No. 86-2459, directed preparation of the record contemplated by defense counsel's request.
Since the taped confession challenged in Case No. 87-246 was played at the trial in this case, arguably the transcript of the *478 suppression hearing should have been included in this record. Nevertheless, in light of the presence of substantial independent evidence of guilt which appears in this record, we deem any error in omission of the suppression transcript to be harmless.
In summary, we find no abuse of discretion in the trial court's determination of the continuance issue, and affirm with respect to point one. By the same token, we find no error with regard to the sentencing provisions or with the order providing for preparation of the appellate record, and so affirm with respect to points two and four. However, since the record reflects that the owner of Beer Haven Lounge suffered no loss in connection with the burglary, we reverse the order directing appellant to pay restitution in the amount of $206.50, and remand with directions to strike the restitution sanction imposed in this case. In all other respects, the conviction and sentence appealed are affirmed.
Accordingly, the conviction and sentence are affirmed, and the order providing for restitution is reversed and remanded for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Since appellant was convicted of two third degree felonies, he was subject to two separate concurrent or consecutive five-year terms of incarceration. See § 775.021(4), Fla. Stat. (1985).
[2] § 775.089(6), Fla. Stat. (1985) provides:

The Court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.