HALL, Acting Chief Judge.
The appellant, Orlando Suarez, challenges his convictions and sentences for attempted trafficking in cocaine and conspiracy to traffic in cocaine. He contends the trial court erred in imposing a three-year minimhm-mandatory sentence and a $50,000 fine on his attempted trafficking conviction. While we find it is unclear as to which conviction the fine in this instance relates, we agree that it was error to impose a minimum mandatory on Suarez’s attempted trafficking conviction.
In the instant ease, Suarez was sentenced to five years’ imprisonment, with a three-year minimum-mandatory sentence on each of his convictions. Both sentences were ordered to run concurrently. Suarez was also given a $50,000 fine. After sentencing, Suarez filed a timely notice of appeal in this court.
Section 777.04(1), Florida Statutes (1991), provides that where no express provision is made by law for the punishment of an attempted crime, one convicted of an attempted criminal act is to be punished pursuant to section 777.04(4), of the attempt statute. Since section 893.135, the statutory provision which proscribes conduct constituting trafficking in cocaine, does not contemplate attempts to traffic in cocaine, Suarez should have been sentenced in accord with section 777.04(4)(b).
Section 777.04(4)(b) provides that if the substantive offense is a first-degree felony, as is the trafficking offense in this instance, the person convicted of attempting that crime is guilty of a second-degree felony, which is “punishable as provided in s. 775.-082_” Since section 775.082(3)(e), the provision under which Suarez should have been sentenced for attempted trafficking, does not call for a mandatory sentence and fine — but instead permits the imposition of a sentence of no more than fifteen years’ imprisonment — the trial court erred in imposing a three-year mandatory minimum on such conviction.
Section 893.135(5), provides that any person who conspires to traffic in cocaine “is punishable as if he had actually committed” the act of trafficking in cocaine. Thus, section 893.135(l)(b)l.a., provides that any person who traffics in more than 28 grams of cocaine, “but less than 200 grams” — which is the case here — “shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years and to pay a fine of $50,000.”
While a $50,000 fine is mandatory with regard to a conspiracy conviction such as we have here, it is unclear from the record as to which conviction, if any, the $50,000 fine imposed in this instance relates. While neither of the written sentencing documents reflects the imposition of a fine, the face of the judgment shows that a $50,000 fine has been imposed pursuant to a statute which does not authorize such a penalty. Thus, while the trial court correctly imposed a $50,000 fine on Suarez, such was not properly reflected in the written judgment and sentencing documents. A correction of those documents is, therefore, necessary. See Chudeusz v. State, 508 So.2d 418 (Fla. 5th DCA 1987).
Accordingly, the instant cause is remanded for correction of the judgment and sentence consistent with this opinion. Suarez’s convictions are, otherwise, affirmed.
ALTENBERND and BLUE, JJ., concur.