WOLF, J.,
dissenting.
While I concur that the procedure for producing the transcript of the proceedings was not proper, I do not feel that the record before us is so deficient as to require reversal.
On remand to the trial court, counsel for both sides met with the deputy clerk who audio taped the trial and reconstructed the record to the best of their ability. Upon review, while there are a number of minor inaccuracies, I agree with the trial court that there is only one major deficiency. A brief portion of the tape recording remains unintelligible. The trial court said of that section,
The Court has reviewed that section of the tape with trial counsel and Ms. Yon, and believes that the unintelligible portion deals with preliminary arguments relating to the defense hearsay objection that is otherwise fully set out in the audible portion ...
A review of the record indicates that the allegedly objectionable hearsay statement was never offered by the state or entered into evidence.
In Osborne v. State, 290 So.2d 93 (Fla. 1st DCA 1974), and Thrasher v. State, 528 So.2d 474 (Fla. 1st DCA 1988), we determined that while an accused is entitled to a transcript, the failure to provide a complete transcript does not necessarily result in reversal. In Osborne, the court held that the failure to record legal arguments and objections would not result in reversal in light of the fact that the appellate court was allowing appellant to raise those issues on appeal notwithstanding that the objection did not appear on the record. See Osborne, supra at 95. In Thrasher, the court held that the failure to provide a transcript was subject to the harmless error analysis. See Thrasher, supra at 478.
Recent federal cases are in accord with this position. In U.S. v. Stefan, 784 F.2d 1093, 1102 (11th Cir.1986), the court held that the absence of a transcript of a long bench conference was not a substantial and material omission. Most recently in U.S. v. Cashwell, 950 F.2d 699, 703 (11th Cir. 1992), the court required a showing of prejudice to obtain reversal' as a result of an inadequate transcript.
In the instant case, the alleged hearsay evidence was never introduced. I am unable to ascertain how appellant was affected by the failure of the transcript to reflect *584 legal argument as to that issue. I would, therefore, affirm.
In light of my proposed disposition, I would reach appellant’s assertions concerning the imposition of the mandatory-minimum sentence. I believe appellant’s position as to that issue is correct and the mandatory minimum portion of the sentence should be stricken.