826 So.2d 478 (2002)
Douglas M. JACKSON, Sr., Appellant,
v.
Gary PARKHOUSE, Librarian; Jim Witt, Assistant Warden; C. Whitehouse, Colonel; Michael W. Moore, Secretary, Appellees.
No. 1D01-3910.
District Court of Appeal of Florida, First District.
September 20, 2002.
*479 Appellant, pro se.
Robert A. Butterworth, Attorney General; Joy A. Stubbs, Assistant Attorney General, Tallahassee, for Appellees.
PER CURIAM.
Douglas M. Jackson, Sr., appeals a final order dismissing his petition for writ of mandamus as frivolous, and barring him from making any future pro se filings in the Third Judicial Circuit. We do not disturb the dismissal of the mandamus petition, but we reverse the bar on pro se filings on the authority of State v. Spencer, 751 So.2d 47 (Fla.1999), and remand for further proceedings consistent with this opinion.
In his petition, Mr. Jackson asserted that the Department of Corrections and certain named departmental employees both denied him access to the courts in violation of the constitution, see Art. I, § 21, Fla. Const., and violated administrative rules of the Department, see Fla. Admin. Code R. 33-103.015(2), 33-501.301(8)(a) & 33-602.402(7) (transferred to 33-210.102(7)), when they limited the amount of paper, pens, and grievance forms he could receive at any one time.
Whether or not the trial court's views on the merits were correct, in order to be entitled to any mandamus relief against the Department of Corrections or its employees in their official capacities, Mr. Jackson was required to plead and prove that he had exhausted administrative remedies. See Park v. Dugger, 548 So.2d 1167, 1168 (Fla. 1st DCA 1989); Millard v. State, 503 So.2d 939, 941 (Fla. 1st DCA 1987); Sawyer v. Wainwright, 422 So.2d 1027, 1028 (Fla. 1st DCA 1982); Morris v. Wainwright, 409 So.2d 1161, 1162 (Fla. 1st DCA 1982); Jones v. Wainwright, 298 So.2d 542, 542-43 (Fla. 2d DCA 1974); see generally 41 Fl. Jur.2d Prisons and Prisoners § 213 ("Judicial Relief; Necessity of Exhausting Administrative Remedies"). He did not meet that burden because he alleged only that he had filed informal grievances under Florida Administrative Code Rule 33-103.005. See Adams v. Barton, 507 So.2d 665, 666 (Fla. 1st DCA 1987). He failed to follow up with formal grievances, see Fla. Admin. Code R. 33-103.006, and administrative appeals to the Secretary of the Department, see Fla. Admin. Code R. 33-103.007, before initiating the mandamus proceeding in circuit court.
We reverse the order insofar as it bars Mr. Jackson from making any future pro se filings in the Third Judicial Circuit. Before imposing such a sanction, a court must first issue an order to show cause in order to afford the litigant notice and an opportunity to be heard. See Spencer, 751 So.2d at 48 ("To achieve the best balance of a litigant's right of access to courts and the need of the courts to prevent repetitious and frivolous pleadings, it is important for courts to first provide notice and an opportunity to respond...."); Long v. State, 793 So.2d 1141, 1141 (Fla. 1st DCA 2001); Norton v. State, 745 So.2d 495, 495 (Fla. 1st DCA *480 1999); see also Jackson v. Fla. Dep't of Corr., 790 So.2d 398, 399-400 (Fla.2001) (barring Mr. Jackson from filing any future pro se petitions in the Florida Supreme Court after issuing an order to show cause). In the present case, the Department moved to bar Mr. Jackson from making any future filings without first paying a filing fee and Mr. Jackson responded to that motion, but he had no prior notice of the sanction ultimately imposed by the trial court. Mr. Jackson did not receive notice of the trial court's intention to bar pro se filings altogether or an opportunity to respond, before the trial court imposed the bar.
We deny relief as to that portion of the order dismissing the petition for writ of mandamus, but reverse that portion of the order barring all pro se filings prospectively, and remand for further proceedings consistent with this opinion.
BOOTH, BENTON, and VAN NORTWICK, JJ., concur.