947 So.2d 538 (2006)
Randall T. PRATER, Appellant,
v.
James R. McDONOUGH, Appellee.
No. 1D05-5027.
District Court of Appeal of Florida, First District.
December 22, 2006.
Rehearing Denied February 2, 2007.
Appellant Randall T. Prater, pro se, Raiford.
Charlie Crist, Attorney General, and Joe Belitzky, Senior Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Randall Prater appeals the trial court's order barring him from filing further actions in that court without paying the filing fee or being represented by a member of the Florida Bar. We affirm.
Despite Prater's argument to the contrary, the trial court's order is not a dismissal on the merits. Rather, we consider the order to be solely an imposition of sanctions based upon previous frivolous filings by Prater. In the order the trial court stated:
The records of the clerk of court show that 22 cases have been initiated in this court by the plaintiff in the past 3 years. In all of the cases, the plaintiff sought to proceed without payment of the filing fee incurred under section 28.241, Florida Statutes. None of the cases produced a meaningful result for the plaintiff.
(citation omitted). The trial court found Prater to be a "vexatious litigant" as "at least 5 of his previous actions have been finally and adversely determined against [him]" in accordance with section 68.093(2)(d), Florida Statutes (2005). Accordingly, as a sanction, the trial court prohibited Prater from filing any further actions without either paying the filing fee or retaining counsel. See Birge v. State, 620 So.2d 234 (Fla. 1st DCA 1993) (finding courts have inherent power to prevent litigants from abusing court procedure).
Contrary to Prater's contentions, a trial court's inherent power to sanction vexatious litigants is not obliterated simply because such a litigant might stumble upon a procedural error now and again. Accordingly, if Prater wishes to pursue his contention that the Department of Corrections misapplied the rationale of Quigley v. Florida Department of Corrections, 745 So.2d 1029 (Fla. 1st DCA 1999), he may do *539 so by refiling his action in accordance with the order's requirement that he either pay the filing fee or retain counsel.
AFFIRMED.
HAWKES and THOMAS, JJ., concur.