DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARY STEINBERG,** derivatively on behalf of
**FIESTA HOMEOWNERS ASSOCIATION, INC.,**
a Florida non-profit corporation,
Appellant,

v.

**EVA CUDAK** and **FIESTA HOMEOWNERS ASSOCIATION, INC.,**
a Florida non-profit corporation,
Appellees.

No. 4D2025-3061

[February 11, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 062025CA010862AXXXCE.

Gary Steinberg, Margate, pro se.

No brief filed for appellees.

PER CURIAM.

The plaintiff appeals an order declaring him a vexatious litigant under section 68.093, Florida Statutes (2025), and imposing sanctions, both pursuant to the statute and under the inherent authority of the court. We reverse in part because the trial court erred in imposing the non-statutory sanction of no longer accepting the plaintiff's pro se filings without first issuing an order to show cause. We otherwise affirm.

- *Facts*

The plaintiff filed the underlying action seeking declaratory relief and alleging breach of fiduciary duty in connection with assessments charged by the homeowners' association in the community where he lives. The plaintiff has previously filed actions seeking the same or similar relief that were dismissed and affirmed on appeal.

Pursuant to the trial court's request, the defendants moved to deem the plaintiff a vexatious litigant and requested an order requiring him to post security under Florida's Vexatious Litigant Law. *See* § 68.093(3)(a), Fla. Stat.

(2025) (allowing a party to move for an order requiring a vexatious litigant to furnish security to cover payment of the movant's anticipated expenses, including attorney fees and costs). The motion also asked the trial court to refer this matter to the chief judge for consideration of a prefiling order prohibiting the plaintiff from further pro se filing without leave of court or unless signed by a Florida Bar member.

The plaintiff filed a response, and after a hearing, the trial court orally granted the defendants' motion. Later that day, the plaintiff filed a notice of voluntary dismissal. Days later, the trial court rendered the order on appeal imposing sanctions, both pursuant to the statute and the trial court's inherent authority. The order provides:

1. The CLERK OF COURT is hereby DIRECTED to reject any future filings by [the plaintiff] unless such filings are executed by a member in good standing with The Florida Bar.

2. [The plaintiff] shall post security in the amount of Fifty Thousand Dollars ($50,000.00), which shall be posted within twenty (20) days of the September 24, 2025, hearing on the Motions.

3. This Order pertains to any and all actions presently pending before this Court in which [the plaintiff] is a party. All such matters are hereby STAYED until [the plaintiff] furnishes the above security to the Association.

The trial court limited the stay and security requirements to cases before this judge only and did not apply the stay and security requirements to the plaintiff's cases pending before other judges. From this order, the plaintiff now appeals.[1]

- *Analysis*

A trial court has the inherent authority to bar a litigant from appearing pro se when the litigant's "'frivolous or excessive filings interfere with timely administration of justice.'" *Clark v. Baney*, 355 So. 3d 976, 978 (Fla. 1st DCA 2023) (quoting *Ardis v. Pensacola State Coll.*, 128 So. 3d 260, 264 (Fla. 1st DCA 2013)). This ruling is reviewed for an abuse of discretion. *See Ashe v. State*, 106 So. 3d 956, 957 (Fla. 4th DCA 2013) (reviewing the sanction in a criminal case). Legal conclusions are reviewed de novo. *See Haas Automation, Inc. v. Fox*, 243 So. 3d 1017, 1023 (Fla. 3d DCA 2018).

---

[1] The sanctions order is a final order on a collateral issue. *See, e.g., Knezevich v. Serv. Fin. Co., LLC*, 375 So. 3d 941, 942 (Fla. 2d DCA 2023); *Clark v. Baney*, 355 So. 3d 976, 978 (Fla. 1st DCA 2023); *Prater v. McDonough*, 947 So. 2d 538, 538 (Fla. 1st DCA 2006).

We reject the plaintiff's argument that the trial court lost jurisdiction to enter the sanctions order because the plaintiff filed a notice of voluntary dismissal before the trial court rendered its written order. The defendants' motion requesting the court to impose sanctions was pending, and the trial court, therefore, retained jurisdiction despite the voluntary dismissal. *Knezevich v. Serv. Fin. Co., LLC*, 375 So. 3d 941, 942 (Fla. 2d DCA 2023); *see also Pino v. Bank of New York*, 121 So. 3d 23, 41 (Fla. 2013) (holding that, where a sanctions motion has been filed, "[a] notice of voluntary dismissal does not divest a trial court of jurisdiction to award sanctions . . . even after a voluntary dismissal is taken.").

While the defendant's motion requested sanctions, pursuant only to the Florida Vexatious Litigant law, the trial court also imposed the sanction of no longer accepting the plaintiff's pro se filings, pursuant to its own inherent authority. And it did so without first issuing an order to show cause.

It is well-settled that a trial court must provide notice and an opportunity to be heard by issuing an order to show cause before prohibiting pro se filing. *See Amatulah v. Palmier*, 417 So. 3d 495, 496 (Fla. 3d DCA 2025); *Humes v. Solanki*, 305 So. 3d 334, 336 (Fla. 3d DCA 2020); *Testa v. Testa*, 171 So. 3d 244, 244–45 (Fla. 4th DCA 2015); *Bolton v. SE Prop. Holdings, LLC*, 127 So. 3d 746, 747–48 (Fla. 1st DCA 2013); *Jackson v. Parkhouse*, 826 So. 2d 478, 480 (Fla. 1st DCA 2002); *Delgado v. Hearn*, 805 So. 2d 1017, 1018 (Fla. 2d DCA 2001). These cases recognize the order to show cause requirement of *State v. Spencer*, 751 So. 2d 47, 48–49 (Fla. 1999), applies to civil cases.

As in *Jackson*, the defendants' sanction motion did not provide sufficient notice because the motion did not directly ask the court to prohibit the plaintiff's further pro se filing. *Jackson*, 826 So. 2d at 480. The defendants' motion requested only for the trial court to refer the matter for consideration by the chief judge. Accordingly, the portion of the order prohibiting the plaintiff from further pro se filing is reversed. On remand, the trial court may consider re-imposing this sanction after issuing an order to show cause and providing the plaintiff with reasonable time to respond. *Bolton*, 127 So. 3d at 748.

The plaintiff also challenges the security requirement that the court imposed under section 68.093(3)(a) of the Vexatious Litigant Law. The plaintiff contends the court did not address the merits of his current action and the defendants did not show he is not likely to prevail. § 68.093(3)(a), Fla. Stat. (2025). The plaintiff, however, voluntarily dismissed his action, which moots the security requirement and waives any error on this point.[2]

---

[2] His argument that the security requirement impacts his other pending cases has no merit. The trial court clearly limited the security requirement to cases before this judge, not to the plaintiff's cases before other judges.

Finally, we find no error in the trial court declaring the plaintiff a vexatious litigant. Although the plaintiff challenges whether he had sufficient prior cases to qualify under section 68.093(2)(c)(1), the trial court did not err in concluding the plaintiff qualifies under sections 68.093(2)(c)(3) and (4). The record shows the plaintiff repeatedly relitigated issues after his first action was dismissed and affirmed on appeal, and he engaged in frivolous litigation tactics.

*Affirmed in part, reversed in part.*

MAY, GERBER and SHEPHERD, JJ., concur.

\*      \*      \*

**Not final until disposition of timely-filed motion for rehearing.**