SWANSON, J.
We reverse the Order on Pro Se Motions enjoining appellants from filing further pleadings or motions except through counsel, because the trial court did not first provide notice and an opportunity to respond. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999). See also Delgado v. Hearn, 805 So.2d 1017, 1018 (Fla. 2d DCA 2001) (citing Spencer). In doing so, we respectfully disagree with the dissent’s position that the need for notice and an opportunity to respond dictated by the Florida Supreme Court in Spencer applies only in the context of prisoner litigation.
While pro se prisoner litigation was indeed the salient issue in Spencer, the supreme court’s decision in that case was grounded on a much broader base relevant to all citizens, as exemplified by the court’s reliance on the general “constitutional guarantee of citizen access to the courts, with or without an attorney.” 751 So.2d at 48 (citing “art. I, § 21, Fla. Const. (‘The courts shall be open to every person for redress of any injury .... ’)”) (emphasis added). When read in context, the various parts making up the Spencer opinion do not lead to an exclusive holding; rather, it is abundantly clear the supreme court was mindful of the rights of all pro se litigants, but, in particular, as was the case before it, with pro se criminal litigants. This point is self-evident in the court’s following statements: “Thus, denying a pro se litigant the opportunity to file future petitions is a serious sanction, especially where the litigant is a criminal defendant ....”; and, “However, any citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious *748 and frivolous pleadings .Id. The text of this decision must be read as a whole. It does not exclude pro se civil litigants from its doctrine, but includes pro se criminal litigants within its protection. Thus, due process and the right to access to courts dictates that all pro se litigants, civil and criminal alike, must be given notice and an opportunity to respond before preventing the filing of further frivolous pleadings.
Furthermore, we do not read our holding as “unreasonably” interfering with the “inherent authority of the trial court to sanction a litigant who disrupts proceedings before the court,” as troubles our colleague in her dissent. First, Spencer is utterly silent on that issue, yet its ruling requiring notice and an opportunity to respond stands as clear precedent for our decision. See Hoffman v. Jones, 280 So.2d 431, 434 (Fla.1973). Second, we do not view the task of entering a show cause order as an unreasonable impediment to a trial court’s exercise of this inherent authority. Accordingly, we join our sister court in Delgado v. Hearn and apply the dictates of Spencer to the instant civil cause of action.
On remand, if the trial court remains convinced that appellants should be sanctioned, it must first issue an order to show cause why the sanction should not be imposed and permit appellants a reasonable time to respond.
REVERSED and REMANDED, with instructions.
CLARK, J., concurs; ROWE, J., dissents with opinion.