ON MOTION TO RECALL MANDATE
PER CURIAM.
On November 22, 2013, Robert Michael Ardis, filed a “Motion to Re-open Case, in the Interests of Justice Based Upon Demonstrable, Extrinsic Fraud Upon the Court, and Violations of Florida Statutes § 119.” We treat this filing as a motion to recall the mandate issued in this case on April 4, 2013, and deny the motion. Also, based upon Mr. Ardis’ repeated violation of this court’s prior warnings against additional post-opinion filings in this case, we prohibit Mr. Ardis from proceeding pro se in this court in any case pertaining to Escambia County Case Number 2011-CA-2412 his firing from Pensacola State College (PSC).
By way of background, Mr. Ardis was employed by PSC as a professor and coor *261 dinator of the college’s criminal justice program. Mr. Ardis went on sabbatical in the Spring and early Summer of 2010 to obtain a second Master’s degree. Upon his return from sabbatical, Mr. Ardis presented PSC with a degree from an online “diploma mill.” Mr. Ardis was suspended without pay and ultimately fired for submitting this degree, which PSC characterized as “a fraud upon the College and ... misconduct in office.”
Mr. Ardis challenged his firing in an arbitration proceeding at which he was represented by counsel. The arbitrator held a three-day evidentiary hearing and, on November 21, 2011, issued a 35-page decision containing detailed findings of fact and legal conclusions. The arbitrator ruled in favor of Mr. Ardis on the issue of his suspension, finding that it should have been with pay rather than without pay, but the arbitrator ruled against Mr. Ardis on the issue of his firing, finding that PSC established that Mr. Ardis committed misconduct in office based on his “academic dishonesty.”
Mr. Ardis filed a pro se action in circuit court to set aside the arbitration decision and, in response, PSC filed a motion to confirm the decision. The case was assigned Escambia County Case Number 2011-CA-2412. After a hearing, the trial court denied Mr. Ardis’ request to set aside the arbitration decision and granted PSC’s motion to confirm the decision.
In May 2012, Mr. Ardis appealed the order confirming the arbitration decision to this court. In his pro se briefs, Mr. Ardis raised 15 “issues” all of which centered around the alleged undue means by which PSC obtained the arbitration decision in its favor and the alleged bias of the arbitrator. None of the issues raised by Mr. Ardis had merit and, on February 14, 2013, this court per curiam affirmed the circuit court’s order. That should have been the end of the matter, but it was only the beginning.
From February 14 to March 12, 2013, Mr. Ardis filed eleven motions and amended motions seeking a variety of relief, including “reinstatement” of his appeal, rehearing, rehearing en banc, and certification to the Florida Supreme Court. On March 14, 2013, we issued an order directing Mr. Ardis “not [to] file any additional motions, pleadings or papers in this case unless directed by the Court” in order to give us an opportunity to rule on the pending motions. On April 4, 2013, we issued an order denying Mr. Ardis’ post-opinion motions, directing the Clerk to issue the mandate, and advising Mr. Ardis that “[n]o further motions for rehearing or other filings will be considered in this case.” The mandate issued the same day.
Notwithstanding the issuance of the mandate and the directives in the March 14 and April 4, 2013, orders, Mr. Ardis continued to file motions in this case. He filed a motion to stay on April 5; a motion for certification on April 8; a motion to recall the mandate on April 9; and a motion seeking a recall of the mandate, rehearing, rehearing en banc, and certification of conflict on April 15. These filings repeated the frivolous arguments raised by Mr. Ardis in his briefs and his previous post-opinion filings. Accordingly, Mr. Ar-dis was directed to show cause why these filings should not be stricken and why additional sanctions should not be imposed. The response filed by Mr. Ardis included several pages arguing that the order to show cause was not properly issued, but the bulk of the response repeated the arguments made in his previous post-opinion filings. The response failed to show cause why sanctions should not be imposed, and on April 18, 2013, we issued the following order:
*262 Upon due consideration of Appellant’s response to the order to show cause dated April 16, 2013, Appellant’s filings on April 5, 8, 9, and 15, 2013, are stricken as a sanction for his excessive, frivolous motion practice in this case and his violation of the orders directing him not to file anything else in this case unless directed by the Court (3/14/13 Order) and informing him upon denial of his motion for rehearing that no further motions for rehearing or other filings will be considered in this case (4/4/13 Order). Additionally, because an order to show cause [on sanctions] is pending against Appellant in case number 1D12-5472, the consideration of whether Appellant should be barred from proceeding pro se in this Court is deferred to the panel in that case. Appellant is cautioned, however, that the filing of any additional motions in this case will result in an order barring him from proceeding pro se in this Court.
(emphasis in original).
Mr. Ardis sought review of this court’s decision affirming the trial court’s order confirming the arbitration decision in both the Florida Supreme Court and the United States Supreme Court. Review was summarily denied by each of those courts. See Ardis v. Pensacola State College, — U.S. -, 133 S.Ct. 2836, 186 L.Ed.2d 893 (2013); Ardis v. Pensacola State College, 123 So.3d 557 (Fla.2013). That certainly should have been the end of this matter, but it was not; Mr. Ardis’ filings and the lower court’s dockets reflect that he is continuing to litigate matters pertaining to the arbitration hearing and his firing in state and federal court. See, e.g., Escam-bia County Case Nos. 2011-CA-2412, 2013-CA-832, 2013-CA-2512; N.D. Fla. Case No. 3:13cv352/MCR/CJK; U.S. 11th Cir. Case No. 13-13114-BB.
With this background in mind, we now turn to Mr. Ardis’s most recent filing, which as noted above, we are treating as a motion to recall this court’s mandate. The motion requests that this court reopen this case because, in 2011, PSC allegedly withheld certain public records “that were crucial to [Mr. Ardis’s] case-in-chief.” Attached to the motion is an “emergency petition” filed with the circuit court on or about October 24, 2013, seeking to reopen the proceedings below and to have the arbitration decision set aside. The motion filed in this court states that the “lower tribunal has refused to take any actions concerning the illegal and unethical actions of [PSC] or its attorneys.” However, it appears from the lower court’s docket that the court has already ruled upon the petition.
Even if we were persuaded that the claims asserted in Mr. Ardis’s current motion might have merit, we do not have jurisdiction to reopen this case to consider those claims. This case became final upon issuance of the mandate and it is well-settled that an appellate court may only recall a mandate during the term of court in which the mandate was issued. See State Famn Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, Fifth Dist., 405 So.2d 980, 982 (Fla.1981). Here, the mandate was issued on April 4, 2013, during the January 2013 term of court. That term ended on July 8, 2013, and the current term of court — the July 2013 term— began the following day. See § 35.10, Fla. Stat.[1] (2012) (“The district court of appeal *263 shall hold two regular terms each year at its headquarters, commencing respectively on the second Tuesday in January and July.”).
Mr. Ardis’ motion makes no reference to this well-settled jurisdictional principle even though it would have been easily ascertainable by even the most basic legal research.[2] Instead, the motion relies on section 59.29, Florida Statutes, which authorizes appellate proceedings to be amended at any time in the furtherance of justice. That statute has no relevance to Mr. Ardis’s request to reopen this case and it certainly does not confer jurisdiction on this court to recall its mandate beyond the term of court in which the mandate was issued. Accordingly, Mr. Ardis’ motion is frivolous.
Mr. Ardis’s frivolous pro se filings in this case (and others[3]) have consumed an inordinate amount of this court’s finite time and resources. The time that this court has been required to spend on Mr. Ardis’ cases is time that cannot be spent on other cases involving potentially meritorious claims. We cannot allow this to continue.
It is clear from Mr. Ardis’ excessive post-opinion filings and his current effort to reopen this case that he is simply unwilling or unable to accept that his legal arguments in this case lacked merit. It is also clear that he has no intention to accept the finality of his firing despite this court’s definitive ruling in this case. However, if there was any question about these facts, it was dispelled by the “Motion of Disgust and Similar Sentiments of Loathing” filed in Case No. 1D13-5509, in which Mr. Ardis stated:
I assert my disgust and loathing for this Court based upon your blatant refusal over and over again,[1] to Reverse cases which should have been Reversed .... *264 this Court can simply ignore violations of all three, and stamp an Order per curiam affirmed?
I plan on getting my positions back as professor of criminal justice and director of criminal justice at [PSC]. Wherein this cowardly Court would not Reverse the asinine decision in Case No. 1D12-2638, the Federal Courts are doing your job in Case No. 3:13cv352/MCR/CJK Once I get my job back I will be sure to make certain that all the students of [PSC] know what an unethical crock the First DCA truly is.
(emphasis in original); see also Appellant’s Answer to Show Cause Order, Case No. 1D13-4489 (Oct. 31, 2013) (asserting that matters pertaining to his firing are pending in the lower court and “will most certainly be back before this Court”); Appellant’s Verified Motion for Disqualification and/or Recusal of All Judges of the First District Court of Appeal, Case No. 1D13-4489 (Sep. 23, 2013) (arguing that this court demonstrated “blatant pro se bias” against him by not reversing the “terribly flawed and illegal Order of the lower tribunal” in Case No. 1D12-2638, and further asserting that he has “no doubt that this Court would have reversed the lower tribunal’s asinine Order” if he was an attorney).
There comes a point in every case that the losing party must accept the fact that the case is over and he or she did not prevail. That point has passed for Mr. Ardis with respect to this case and his firing, and despite his obvious dissatisfaction with our ruling in this case, we see no reason to waste any more of this court’s finite time and resources on Mr. Ardis’ frivolous claims pertaining to his firing.
The appellate courts do not exist simply to allow litigants to vent against rulings with which they disagree, and the constitutional right of “access to the courts” does not give litigants free rein to litigate and appeal frivolous claims ad infinitum.
This court has the inherent authority to prohibit further pro se filings from a litigant whose frivolous or excessive filings interfere with the timely administration of justice. See generally State v. Spencer, 751 So.2d 47 (Fla.1999). We exercise this authority sparingly, but we find it absolutely necessary to exercise the. authority here.
Mr. Ardis is the poster-child for vexatious litigants; he consistently responds to this court’s adverse rulings with derogatory rhetoric and additional frivolous filings. His pro se status might explain his unorthodox and ineffective litigation strategy in this court, but it does not excuse his excessive or frivolous filings or his violations of this court’s orders. He has been warned in this case (and others[4]) that his conduct is unacceptable appellate practice and that he may be barred from proceeding pro se in this court if he persisted in his frivolous and excessive filings. Mr. Ardis failed to heed those warnings. Moreover, his current motion is patently frivolous and was filed in direct contravention of an order directing him not to file any further motions in this case and informing him of the consequences of a violation of the order.
We have tolerated Mr. Ardis’ excessive and frivolous filings pertaining to his firing long enough. The time has come to back up our warnings with action.
*265 We recognize that this court recently held that a Spencer order is required before a trial court may prohibit pro se filings in a civil case. See Bolton v. SE Property Holdings, LLC, 127 So.3d 746 (Fla. 1st DCA 2013). However, we find that case distinguishable because the sanctioned parties in that case did not receive any notice or opportunity to respond before they were barred from further pro se filings. Here, by contrast, an order to show cause was previously issued in this case giving Mr. Ardis an opportunity to justify his post-opinion filings and he was also specifically put on notice of future conduct that was prohibited (“the filing of any additional motions in this case”) and the consequences of engaging in that conduct (“will result in an order barring him from proceeding pro se in this Court”).
Under the particular circumstances of this case, we do not read Bolton (or Spencer ) to require additional notice and opportunity to be heard before we impose a previously-threatened sanction. Moreover, in this case, there is nothing that Mr. Ardis could have said in response to an order to show cause that would have justified his blatant violation of this court’s prior order through his filing of another frivolous post-opinion motion, nor is there anything that he could have said that would have mitigated in favor of a lesser sanction in light of (1) his failure to heed prior warnings, (2) the ineffectiveness of a lesser sanction (ie., the striking of his filings) imposed in an effort to quell his post-opinion filings in this case, (3) the fact that this case has been final for well over seven months, and (4) his demonstrated unwillingness to accept the finality of his firing despite this court’s per curiam affir-mance.
Accordingly, for the reasons stated above, we hereby prohibit Mr. Ardis from proceeding pro se in this court in any case pertaining to Escambia County Case Number 2011-CA-2412 his firing from PSC. The Clerk is directed not to accept any filings from Mr. Ardis related to these matters unless they are signed by a member in good standing of The Florida Bar. Mr. Ardis shall have thirty days from date of this order to secure the services of counsel in any pro se case pending in this court pertaining to his firing from PSC, and if he fails to do so, the Clerk is directed to dismiss the case. Finally, Mr. Ardis is cautioned that any violations of this order may result in the imposition of additional sanctions.
MOTION DENIED; SANCTIONS IMPOSED.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.

. We are aware that the Legislature recently repealed section 35.10 and enacted section 43.43 to authorize the Florida Supreme Court to establish or dispense with terms of court for the district courts of appeal, but those laws do not take effect until January 1, 2014. See ch. 2013-25, Laws of Fla. And, even if the new laws were somehow in effect now, we *263 would still not have jurisdiction to recall the mandate and reopen this case because the motion was filed more than 120 days after the mandate was issued. See § 43.44, Fla. Stat. (2013) ("A mandate may not be recalled more than 120 days after it has been issued."); In re Amendments to Fla. Rules of Judicial Admin. and Fla. Rules of App. Pro., 125 So.3d 743 (Fla.2013) (amending Florida Rule of Appellate Procedure 9.340 to conform to section 43.44, Florida Statutes).

. We recognize that Mr. Ardis is not an attorney, but he has repeatedly made a point in his filings to advise the court of his superior knowledge of the law based upon his experience as a criminal justice professor. See, e.g., Motion of Disgust and Similar Sentiments of Loathing, Case No. 1D13-5509 (Nov. 21, 2013) (asserting that he “has a Master’s degree in Criminal Justice and has been a professor of Criminal Justice since 1991[, ljonger than any of the Judges have been on this Court,” that he "knows the law; knows the Rules of Evidence; the Rules of Civil and Appellate Procedure; decisional and constitutional law," and that he "knows that he has demonstrated Reversible Error in the cases he has argued before this Court”)(emphasis in original).

 What is the point of having rules of procedure, statutory law, and decision law, if

. Mr. Ardis has not obtained any relief in the 17 pro se cases he initiated in this court: 1D10-0014, 1D10-0030, 1D12-2638, 1D12-3242, 1D12-4545, 1D13-2177, 1D12-4547, 1D12-4884, 1D12-4885, 1D12-5472, 1D12-5473, 1D13-1167, 1D13-1168, 1D13-1169, 1D13-4293, 1D13-4489, and 1D13-5509. Some of these cases pertain to Mr. Ardis' dissolution of marriage proceeding and a related domestic violence injunction, but Mr. Ardis has made clear in his filings that he considers all of these cases related by virtue of an alleged conspiracy between his former wife, her parents, and others in Escambia County, to have him fired, deny him access to his child, and generally make his life miserable. See, e.g., Appellant's Answer to Show Cause Order, Case No. 1D13-4489 (Oct. 31, 2013) (asserting that he "has been a victim of circumstances allowed to fester in Escambia County").

. In addition to the warnings in this case, Mr. Ardis was twice warned about his excessive frivolous filings in Case No. ID 12-5472, and show cause orders on sanctions are currently pending against him in Case Nos. ID 13-4489 and 1D13-5509. The sanctions imposed by this opinion are without prejudice to any sanctions that may be imposed by the panels in those cases.