PER CURIAM.
In this case, Leonard E. Tunsil appealed the denial of unemployment compensation benefits in Reemployment Assistance Appeals Commission case number 13-03468. We affirmed the Commission in a per cu-riam decision on December 16, 2013. Pri- or to the issuance of the decision in this case, Tunsil incessantly filed a series of motions — eleven at last count (not including other filings) — each making more outlandish assertions and hostile racist comments. The filings were unauthorized and frivolous; they seriously impeded this Court’s review and ability to dispose of the case. As a result, on December 11, 2013, we directed Tunsil to show cause why sanctions should not be imposed, to include a prohibition on any further pro se filings. See Order, No. 1D13-2920 (1st DCA Dec. 11, 2013) (citing Bolton v. SE Property Holdings, LLC, 127 So.3d 746, 2013 WL 6171280 (Fla. 1st DCA Nov.2013), and State v. Spencer, 751 So.2d 47 (Fla.1999)). Tunsil responded with more of the same outrageous racial recriminations. Based on his response, this Court concludes that Tunsil has failed to set forth a legal basis that precludes the imposition of sanctions and has failed to establish that the imposition of sanctions is not warranted.
Accordingly, Leonard E. Tunsil is prohibited from filing any further pro se papers in this Court related to the denial of unemployment compensation benefits in Reemployment Assistance Appeals Commission case number 13-03468. The Clerk of this Court is directed to no longer accept any future filings on his behalf concerning this case unless they are filed by a member in good standing with The Florida Bar. Tunsil is cautioned that any violation of this order may result in the imposition of additional sanctions. See Ardis v. Pensacola State College, 128 So.3d 260 (Fla. 1st DCA 2013).
SANCTIONS IMPOSED.
THOMAS, RAY, and MAKAR, JJ., concur.