[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10625
Non- Argument Calendar
_____

D.C. Docket No. 3:14-cv-00328-MCR-CJK


ROBERT MICHAEL ARDIS,

Plaintiff-Appellant,

versus

PAIGE ANDERSON,

THOMAS AUXTER,
K. BLAINE WALL,
THOMAS WAZLAVEK,
PENSAGOLA STATE COLLEGE FACULTY ASSOCIATION, et al.,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(October 14, 2016)

Before TJOFLAT, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

On January 18, 2011, Pensacola State College (PSC) terminated Robert Michael Ardis's employment as a tenured professor and coordinator of the college's criminal justice program. PSC took such action because on his return from a sabbatical taken in the Spring and early Summer of 2010 for the purpose of obtaining a second master's degree, he "presented PSC with a degree from an online "diploma mill." *Ardis v. Pensacola State College,* 128 So.2d 260, 261 (Fla. 1st Dist. Ct. App. 2013). PSC characterized Ardis' conduct as "a fraud upon the College and ... misconduct in office." *Id.*

Ardis challenged PSC's decision "in an arbitration proceeding at which he was represented by counsel. The arbitrator held a three-day evidentiary hearing and, on November 21, 2011, issued a 35-page decision containing detailed findings of fact and legal conclusions." *Id.* The arbitrator found that "PSC established that [he] committed misconduct in office based on his "academic dishonesty."

On receiving the arbitrator's decision, Ardis filed suit in the Escambia County, Florida Circuit Court, seeking to void the decision. The Circuit Court denied relief. Proceeding pro se, he appealed the decision to the District Court of Appeal, which affirmed. *Ardis,* 128 So.2d at 261. Subsequent review was denied. *See Ardis v. Pensacola State College,* 123 So.ed 557 (Fla. 2013); *Ardis v.*

2

*Pensacola State College,* ___U.S. ____ , 133 S. Ct. 2836, 186 L. Ed.2d 893 (2013).

Later in 2013, Ardis, again proceeding pro se, brought suit against the PSC Board of Trustees and a host of others connected to the college, all in their individual capacities, in the U.S. District Court for the Northern District of Florida, Case No. 3:13cv352/MCR/CJK. In his complaint, Ardis sought relief under 42 U.S.C. §§ 1981 and 1983 and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* The case ended on April 16, 2014, when the parties filed a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41 (a)(l)(A)(ii).

On July 11, 2014, Ardis, still proceeding pro se, returned to the District Court with the instant lawsuit. In his second amended complaint, he sought relief under 42 U.S.C. § 1983 and 9 U.S.C. § I *et seq.* against the PSC Board of Trustees, other named individuals and numerous John and Jane Does connected with the college, all in both their official and individual capacities, and various associations involved with the college or the provision of education. The District Court referred the case to a Magistrate Judge because Ardis was proceeding *in forma pauperis.* His complaint could be dismissed if its allegations were "(i) frivolous or malicious, (ii) fail[ed] to state a claim on which relief may be granted, or (iii) [sought] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge, in his Report and Recommendation

(R & R) to the District Court, recommended that the complaint be dismissed on the ground that Ardis' claims were barred by the doctrine of res judicata. The District Court agreed, and adopting the R & R, dismissed the complaint with prejudice.

Ardis appeals, arguing that the District Court erred in concluding that the doctrine of res judicata barred his claims. We are unpersuaded. The doctrine applies as the Magistrate Judge correctly explained in the portion of his R & R set out in the Appendix.

AFFIRMED.

APPENDIX

*Res judicata*

"The doctrine of res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Dixon* v. *Bd. of Cnty. Com'rs Palm Beach Cnty.,* F1a., 518 Fed. Appx. 607, 609 (11th Cir. 2013). In determining "whether to give res judicata effect to a state court judgment," a federal court "must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Muhammad* v. *Sec 'y, Fla. Dept. of Corrections,* 739 F.3d 683, 688 (11th Cir. 2014) (internal marks omitted). Under Florida law, "'[a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.'" *Id.* (quoting *Fla. Dep't ofTransp. v. Juliano,* 801 So.2d 101, 105 (Fla. 2001)). "In other words, a judgment on the merits bars a later-filed complaint when the following four conditions are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in persons for or against whom [the] claim is made." *Id.* (internal marks omitted).

"Florida law defines identical causes of action as causes sharing similarity of facts essential to both actions. *Id.* (internal marks omitted). Hence, under Florida law, "[i]dentity of the cause of action is a question of 'whether the facts or evidence necessary to maintain the suit are the same in both actions.'" *Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1074-75 (11th Cir. 2013) (quoting *Tyson v.Viacom, Inc.,* 890 So.2d 1205, 1209 (Fla. 4th DCA 2005) *{en banc* and *per curiam)).* In the Eleventh Circuit, "the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same." *Manning v. City of Auburn,* 953 F.2d 1355, 1358 (11th Cir. 1992). "The test is one of substance, not form." *Id.* "Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Id.* at 1358-59 (internal marks omitted).

Here, plaintiff filed a complaint in state court seeking to vacate the arbitrator's decision arguing, among other things, that the arbitrator was biased and that the arbitrator exceeded her authority in finding that his termination was justified. The state court found otherwise, stating that there was "no reasonable basis for concluding that there was evident partiality by the arbitrator toward the Defendant or against the Plaintiff and that the arbitrator determined the issue before her - whether there was just cause for the plaintiff's termination - in

a decision based on competent and substantial evidence. Plaintiff lost.

Plaintiff then challenged the very same arbitration - claiming procedural violations - in the earlier suit filed in this court; he also challenged the validity of his termination, claiming he was discriminated against based on his sex. Now, having stipulated to dismissal of the first federal suit, plaintiff once again challenges the arbitration based on alleged procedural violations and his termination based on alleged sex discrimination. Because all of the claims asserted in this matter were raised, or could have been raised, in the prior state and federal actions, and are based on the same facts underlying those lawsuits, the first and second elements of *res judicata* are satisfied.[1]

Turning to the third and fourth factors, identity of persons or parties to the action and identity of quality in persons for or against whom the claim is made, Mr. Ardis indisputably was the plaintiff in both the state court action and the prior federal court action and is the plaintiff in the case at bar. PSC was the sole defendant in the state court action, and the Pensacola State College Board of Trustees, Edward Moore, Herb Woll, Carol Carlan, Monsignor Luke Hunt, Marjorie T. "Margie" Moore, John L. O'Connor,

_____

[1] *Res judicata* applies to the Stipulation of Dismissal filed by the parties in the prior federal action. *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.,* 371 F.3d 1285, 1288 (11th Cir. 2004) ("In the absence of a settlement agreement [providing otherwise], a judgment of dismissal pursuant to Rule 41 should be given the same *res judicata* effect as any other judgment."). As the Eleventh Circuit explained, "[a] judgment dismissing an action with prejudice based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimizing force from the fact that the parties consented to it." *Id.*

Dona Usry, Deidre Young, Charles Edward Meadows, Thomas Gilliam, Jr., Martin Gonzalez, and Paul Snider were defendants in the earlier federal action. To the extent they were sued in their official capacities, the defendants in the prior federal court action were in privity with PSC. The parties in the state case and prior federal action thus were identical for purposes of *res judicata. See Muhammad,* 739 F.3d at 689; *Estevez* v. *Nabers,* 219 F.2d 321, 323 (5th Cir. 1955) ("The fact that the defendant is a different person in the present action does not affect the availability of the plea of res judicata, since the government, its officers, and its agencies are regarded as being in privity for such purposes.").[2]

In this case, plaintiff has sued Paige Anderson, Thomas Gilliam, Jr., Martin Gonzalez, Charles Edward Meadows, K. Blaine Wall; Thomas Wazlavek; the Pensacola State College Faculty Association; the United Faculty of Florida; and the Florida Education Association. Plaintiff therefore has included many of the same defendants in this action that were named in the prior federal action but has added several new defendants. To the extent plaintiff seeks to avoid the preclusive effects of *res judicata* by naming new defendants in this action, his effort, to put it mildly, is duplicitous and to no avail. Indeed, the Eleventh Circuit has recognized that a party "may not avoid the application of *re judicata* by adding new parties." *Endsley v. City of Macon, Ga.,*

8

321 F. App'x 811, 814 (11th Cir. 2008). The claims plaintiff has asserted against the new defendants in this action could and should have been brought in the prior lawsuits, as they all stem from plaintiff's termination and the ensuing arbitration. The … the third and fourth elements of *res judicata* [are] satisfied and ... plaintiff's claims are barred by the doctrine of *res judicata.*[3]

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) *(en banc),* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] The court notes that the plaintiff participated in the arbitration proceeding through its conclusion, while represented by counsel, without ever challenging the manner in which the arbitrator was selected and thus waived his right to do so in subsequent proceedings. *See, e.g., Brook v. Peak Int'l, Ltd,* 294 F.3d 668, 673-74 (2002) (holding that the failure to object to a defect in the arbitrator selection process constituted a waiver); *Own Capital, L.L.C.* v. *Johnny's Enters., Inc.,* No. 11-12772, 2011 WL 2560334, at *4-6 (E.D. Mich. June 28, 2011) (finding that the defendants waived their right to object to the process by which the arbitrator was selected because they failed to object during the arbitration proceeding) (and cases cited therein); *Flournoy v. Am. Interactive Media, Inc.,* No. CIV. A. 98-CV-6573, 2001 WL 177067, at *2 (E.D. Pa. Jan. 12, 2001) (finding that because the defendants "waited until *after the arbitrators entered an award* to object to the selection of the arbitrators," they waived such objection) (emphasis in original); *see also McKnight v. Dillard's, Inc.,* No. 3:08-00153, 2008 WL 4329221, at *7 (M.D. Ten. Sept. 16, 2008) (finding that party "effectively waived" objection to arbitrator by failing to follow selection procedure set forth in arbitration agreement by failing to follow it); *Bullseye Telecom, Inc. v. Global Crossing Bandwidth, Inc,* No. 06-13571, 2007 WL 2780541, at *5 (E.D. Mich. Sept. 24, 2007) (noting that parties to an arbitration agreement may waive provisions, including those regarding the selection of arbitrators, when they voluntarily and intentionally abandon their rights to insist upon strict adherence to the terms).