DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

—————————————————

MICHAEL STEVEN KNEZEVICH,

Appellant,

v.

SERVICE FINANCE COMPANY, LLC,

Appellee.

No. 2D23-810

—————————————————

December 13, 2023

Appeal from the Circuit Court for Pasco County; Declan P. Mansfield, Judge.

Michael Steven Knezevich, pro se.

Nicholas S. Agnello of Burr & Forman LLP, Fort Lauderdale; and David A. Elliott of Burr & Forman LLP, Birmingham, Alabama, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

Michael Knezevich appeals from an order entered pursuant to Florida's Vexatious Litigant Law, section 68.093, Florida Statutes (2022). Knezevich argues that the trial court lacked jurisdiction to enter this order because it did so after he had already voluntarily dismissed his action against Service Finance Company, LLC (SFC). Because SFC filed its motion seeking relief under that statute before Knezevich dismissed his action, however, the court retained jurisdiction to rule on the motion.

Knezevich sued SFC pro se, alleging that SFC had falsely reported information to credit bureaus of an outstanding debt between Knezevich

and a third party. Over the course of the litigation, Knezevich sent numerous communications to the trial court and to opposing counsel that included derogatory and disparaging remarks, eventually leading SFC to file a motion seeking various forms of relief under section 68.093.

The trial court held a hearing on the motion at which both parties presented evidence. The very next day, and before the court entered its ruling on the motion, Knezevich voluntarily dismissed his action. Nonetheless, the court subsequently rendered its order, which enjoins Knezevich—a prolific pro se litigant—from commencing any further pro se actions in the Sixth Judicial Circuit without first obtaining leave of the circuit's administrative judge. *See* § 68.093(4). The order also bars Knezevich from claiming indigent status and prohibits him from communicating with the court, its judicial assistant, or SFC's counsel in any manner.[1]

"Whether a trial court retains jurisdiction over a party after it voluntarily withdraws its litigated claim is a question of law reviewed de novo." *Voyles v. Glavin*, 335 So. 3d 200, 203 (Fla. 5th DCA 2022) (citing *Dep't of Revenue ex rel. Venzen v. Ashby*, 294 So. 3d 445, 446 (Fla. 5th DCA 2020)). A plaintiff's voluntary dismissal of his or her suit generally serves to terminate the litigation and divest the trial court of jurisdiction. *See Residents for a Better Cmty. v. WCI Cmtys., Inc.*, 291 So. 3d 632, 633 (Fla. 2d DCA 2020). A court retains jurisdiction, however, to resolve a defendant's motion seeking to sanction a plaintiff if the defendant has filed that motion before the plaintiff voluntarily dismisses the case.[2] *Cf.*

---

[1] We do not address the grounds for the order other than to observe that they are ample.

[2] Moreover, even apart from section 68.093, it is within courts' inherent authority to sanction abusive litigants who drain limited judicial resources. *See Sibley v. Fla. Jud. Qualifications Comm'n*, 973 So. 2d 425,

*Pino v. Bank of N.Y.*, 121 So. 3d 23, 42–43 (Fla. 2013) (holding that trial courts "will have continuing jurisdiction to resolve" a pending sanctions motion under section 57.105(1), Florida Statutes (2009), where the motion was filed after the twenty-one-day safe harbor period but before the plaintiff's voluntary dismissal of the action); *Residents for a Better Cmty.*, 291 So. 3d at 633 ("[F]or this exception to apply, the motion for sanctions must have been filed before the case was voluntarily dismissed").

Here, SFC's motion preceded Knezevich's voluntary dismissal of the action. Accordingly, the trial court retained jurisdiction to grant that motion notwithstanding the dismissal. We therefore affirm the court's order.

Affirmed.

KELLY and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

426 (Fla. 2006) (noting that courts have the "inherent judicial authority to sanction an abusive litigant"); *Clark v. Baney*, 355 So. 3d 976, 978 (Fla. 1st DCA 2023) ("Under this inherent authority, a court may bar a litigant from appearing pro se when the litigant's 'frivolous or excessive filings interfere with timely administration of justice.' " (quoting *Ardis v. Pensacola State Coll.*, 128 So. 3d 260, 264 (Fla. 1st DCA 2013))); *Golden v. Buss*, 60 So. 3d 461, 462 (Fla. 1st DCA 2011) ("It is well-settled that courts have the inherent authority and duty to limit abuses of the judicial process by pro se litigants.").