# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBIN GOODWIN,**
**Defendant Below, Petitioner**

**v.)  No. 24-ICA-321**    (Cir. Ct. of Preston Cnty. Case No. CC-39-2018-C-7)

**JAMES R. SHAFFER and IRIS M. SHAFFER,**
**Plaintiffs Below, Respondents**

**FILED**

**November 13, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Robin Goodwin appeals the July 19, 2024, order from the Circuit Court of Preston County, which denied Petitioner's renewed motion for judgment as a matter of law or, in the alternative, motion for a new trial. The circuit court found that, viewed in the light most favorable to Respondents, the motion lacked merit, and that the jury's award of $10,000.00 in compensatory damages and $10,000.00 in punitive damages would remain undisturbed. Respondents, James R. Shaffer and Iris M. Shaffer, filed a response.[1] Petitioner filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Respondents James R. Shaffer and Iris M. Shaffer own property located at 203 Tunnelton Street, Kingwood, West Virginia. They have continuously resided in this property since 1973. Petitioner Robin Goodwin and her late husband Robert Goodwin purchased the property at 207 Tunnelton Street and resided at 207 Tunnelton Street continuously since 1999. The alley in dispute lies between the two properties. The Shaffer residence sits to the left of the Goodwin residence when facing the front entrances of the houses along Tunnelton Street.

---

[1] Ms. Goodwin is represented by Mark Gaydos, Esq., Buddy Turner, Esq., and Jacob Trombley, Esq. Mr. James Shaffer and Ms. Iris Shaffer are represented by Lisa Hyre, Esq.

1

The alley, running from Tunnelton Street and Price Street, was created by then owner, William Brown. The 1900 deed describes the alley to be maintained to provide rear access as a benefit to the property owners fronting Brown Avenue.

The alley has been at the center of several legal actions over the years. In the 1964 case of *Robertson, et al. v. Whetsell, et al.*, (Preston County Circuit Court Civil Action No. 484), the question before the circuit court was whether the alley had become a public road. The Robertson plaintiffs alleged that the alley had become a public road by virtue of the use by members of the public and that by extension, that right to use was attributed to the members or trustees of the Kingwood Methodist Church, located on High Street. The circuit court declined to rule on whether the alley had become open to public use by adverse prescription of the general public. Judge Snyder, instead, found that the alley was an "easement establishing a private way," and no prescriptive right to the alley was alleged by the Kingwood Methodist Church. *Id*. at p. 7.

Respondents filed an action in September 2015 (Civil Action No. 15-C-150) against Petitioner seeking declaratory judgment that Respondents had an ownership interest in or right to use the alley.[2] Petitioner had installed a gate across the street entrance to the alley and a temporary fence along the side of the alley that borders Respondents' property. Respondents alleged in their complaint that their 1973 deed contained a description of the disputed alley and their use of the alley was continuous since 1973. Respondents also sought an injunction for the removal of the gate and temporary fence. Respondents filed findings of fact and conclusions of law which argued that Respondents' property boundary went to a point within the bounds of the alley and argued for adverse possession.

The circuit court, having reviewed the record and arguments of counsel, granted preliminary injunctive relief and ordered Petitioner to remove the gate and temporary fence. However, the court dismissed Respondents' declaratory judgment action finding that they were not entitled to declaratory relief because the deeds of record clearly established the boundaries of the parties' properties and there was no dispute between them. The court further found that Respondents' theory of adverse possession, as alluded to in their complaint, could not be litigated under the declaratory judgment statute. An order dismissing the declaratory judgment action with prejudice was entered on January 19, 2016. The court also vacated the previously granted preliminary injunction. Neither party appealed the order.

On January 24, 2018, Respondents filed a complaint against Petitioner and her husband, Robert Goodwin. The complaint alleged causes of action for (1) prescriptive easement for use of the alley; (2) private nuisance by the Petitioner's alleged interference

---

[2] Petitioner's husband, Robert Goodwin was named as a party in Case No. 15-C-150 but passed away in September 2021, during the pendency of this action.

2

with the Respondents' right to use the alley by erecting a gate and building; (3) civil conspiracy; (4) trespass; and (5) injunctive relief. The Goodwins filed their answer on March 6, 2018, asserting, among their affirmative defenses, the doctrine of res judicata.

Arguments were heard by the circuit court on Respondents' Motion for Summary Judgment on April 18, 2019. Subsequently, the circuit court held two additional evidentiary hearings before it ultimately granted Respondents' Motion for Summary Judgment. Petitioner appealed to the Supreme Court of Appeals of West Virginia which resulted in an opinion issued on April 15, 2022, reversing and remanding the matter to the circuit court for further proceedings for a determination of the contested factual issues by a jury. *Goodwin v. Shaffer*, 246 W. Va. 354, 361, 873 S.E.2d 885, 892 (2022).

A status hearing was held on February 9, 2023, and the circuit court ordered that an amended complaint be filed to add all the homeowners whose homes fronted on Brown Avenue, as set forth in William G. Brown's 1900 deed because Petitioner's pre-trial memorandum included a claim that additional indispensable parties needed to be joined under Rule 19 of the West Virginia Rules of Civil Procedure.

Respondents filed their Amended Complaint on March 9, 2023, which added the following individuals as defendants and indispensable parties: Paul Somerruk, Mary Somerruk, Theresa Bautista, Paul Hart, Wendy Hart, Ajane Properties, LLC, Patrick Crogan, Jane Crogan, Christopher Ranieri, French Barnett, Jr., and James H. Wolfe, III., Paul Somerruk, French Barnett, Jr., and Patrick Crogan participated as witnesses. None of the other added parties participated in the present litigation.

A jury trial was held from September 18, 2023, through September 21, 2023. After the Respondents rested their case, Petitioner moved for judgment as a matter of law, arguing that Respondents' claims were barred by res judicata. The Court denied the motion after hearing arguments outside the presence of the jury.

The jury found that Respondents did not have express or implied permission from Brown Avenue landowners to use the alley in 1973. The jury further determined that Respondents provided clear and convincing evidence of the elements of adverse prescription; that Petitioner trespassed on Respondents' prescriptive easement; that Petitioner's actions constituted a nuisance; and that Petitioner engaged in a civil conspiracy to create a nuisance or trespass regarding the alley. The jury awarded Respondents damages in the amount of $10,000.00 in compensatory damages and $10,000.00 in punitive damages against Petitioner. Following the verdict, the circuit court granted a permanent injunction and ordered Petitioner to remove all the obstructions placed in the alley by September 26, 2023, at 4:00 p.m.

On September 28, 2023, Petitioner filed a Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial and an accompanying

memorandum. Petitioner argued: (1) Respondents failed to present sufficient evidence to establish a prescriptive easement; (2) the matter was res judicata due to Case No. 15-C-150; (3) Respondents failed to present sufficient evidence of their nuisance claim; and (4) Respondents failed to present sufficient evidence to justify punitive damages. Respondents filed a Response and Objection to Petitioner's renewed motion. A hearing was held on January 25, 2024, where the circuit court entertained arguments from the parties and then held the matter in abeyance to allow the parties to file proposed findings of fact and conclusions of law.

On June 19, 2024, the circuit court entered its Order denying Petitioner's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial. In that order, the circuit court found that the evidence as presented was sufficient to demonstrate the Respondents' prescriptive easement. Regarding res judicata, the circuit court held that res judicata did not bar the present litigation. Further, the circuit court, in viewing the evidence in the light most favorable to the Respondents, could not find that Petitioner was entitled to a new trial due to the insufficiency of evidence presented regarding the nuisance claim. Lastly, regarding punitive damages, the circuit court found that a reasonable jury could (and did) find that Petitioner's actions were indicative of malicious intent or was conduct that was willful, wanton, or reckless to justify the award of punitive damages for nuisance or trespass.

From this order, Petitioner appeals.

"The appellate standard of review for an order granting or denying a renewed motion for a judgment as a matter of law after trial pursuant to Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998] is *de novo.*" Syl. Pt. 1, *Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009). The task of this Court in its review is to decide "whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, when considering a ruling on a renewed motion for judgment as a matter of law after trial, the evidence must be viewed in the light most favorable to the nonmoving party." Syl. Pt. 2, *id.*

However, the standard of review that we apply to a circuit court's ruling on a motion for new trial is limited. As our Supreme Court of Appeals has explained:

> The ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, and the trial court's ruling will be reversed on appeal only when it is clear that the trial court has acted under some misapprehension of the law or the evidence. In other words, while the decision to grant a new trial is afforded great deference, when a trial court abuses its discretion and grants a new trial on an erroneous view of the law, a clearly erroneous assessment of the evidence, or on error that had no appreciable effect on the outcome, it is this Court's duty to reverse.

4

*Grimmett v. Smith*, 238 W. Va. 54, 59-60, 792 S.E.2d 65, 70-71 (2016) (quotations and citations omitted).

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

With these standards in mind, we turn to the parties' arguments.

Petitioner raises six assignments of error alleging that the circuit court erred because: (1) the action should have dismissed on res judicata; (2) the evidence presented was insufficient to find a prescriptive easement was established; (3) insufficient evidence was presented to support an award of punitive damages; (4) insufficient evidence was presented for a finding of nuisance; (5) the circuit court failed to order a new trial based on Rule 19 regarding failure to join indispensable parties; and (6) the circuit court erred in prohibiting Petitioner from introducing evidence to mitigate damages. However, we limit our review to the application of res judicata and find that our ruling on that issue is dispositive.

On appeal, Petitioner argues that res judicata applies and that the circuit court erred in denying Petitioner's motion for judgment as a matter of law. The dispositive issue in this appeal is whether the lower court was correct in concluding that res judicata principles did not preclude Respondents' claims from going forward. Petitioner alleges that the circuit court committed error when it failed to apply the doctrine of res judicata to the instant action because the elements of res judicata were satisfied. Petitioner asserts that Civil Action No. 15-C-150 was a final adjudication on the merits involving the same parties and Respondents' prescriptive easement cause of action could have been raised in that action. Conversely, Respondents allege that no final adjudication on the merits has occurred as the claims in the instant case were not presented in Civil Action No. 15-C-150 and eleven different indispensable parties have been added. Upon review of the record before us, we conclude that res judicata bars the instant action. Because this issue is dispositive, it is unnecessary to address the remaining assignments of error.

"Under West Virginia law, the doctrine of res judicata or claim preclusion assures that judgments are conclusive, thus avoiding relitigation of issues that were or could have been raised in the original action." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 559, 803 S.E.2d 519, 529 (2017). To determine whether a prior judgment has a claim preclusive effect, a three-part test has been established:

> Before the prosecution of a lawsuit may be barred on the basis of res judicata, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction

of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997).

Res judicata or claim preclusion "generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or the issues that could have been decided in the earlier action." *State v. Miller*, 194 W. Va. 3, 9, 459 S.E.2d 114, 120 (1995). We recognize that "the underlying purpose of the doctrine of res judicata was initially to prevent a person from being twice vexed for one and the same cause." *Conley v. Spillers*, 171 W. Va. 584, 588, 301 S.E.2d 216, 219 (1983) (quotations omitted). In *Conley*, the following additional rationale underlying the doctrine of res judicata was also observed: "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (*quoting Montana v. United States*, 440 U.S. 147, 153–54 (1979)).

As to the first element of a final adjudication on the merits, the requirements of res judicata specifically contemplate:

[a]n adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined , but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being res judicata.

*Blake*, 201 W. Va. at 477, 498 S.E.2d at 48-49 (*quoting* Syl. Pt. 1, *Sayre's Adm'r v. Harpold*, 33 W. Va. 553, 11 S.E. 16 (1890)). Accordingly, res judicata may operate to bar a subsequent proceeding even if the precise cause of action involved was not actually litigated in the former proceeding so long as the claim could have been raised and determined. *Id.*

6

Petitioner argues that the object of the 2015 litigation and the present litigation center on the same relief sought: Respondents' use of the disputed alley. Petitioner asserts that the dismissal with prejudice on a 12(b)(6) motion is a judgment on the merits.

We recognize, as stated in *Sprouse v. Clay Communication, Inc*., that:

> a judgment dismissing an action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and without reservation of any issue, shall be Presumed to be on the merits, Unless the contrary appears in the order, and the judgment shall have the same effect of res judicata as though rendered after trial in a subsequent action on the same claim.

158 W. Va. 427, 461, 211 S.E.2d 674, 696 (1975). Consequently, the order issued in the 2015 litigation is a judgment on the merits.

However, Respondents challenge the first element by arguing that the 2015 litigation did not address the claims of trespass, civil conspiracy, nuisance, and prescriptive easement as raised in the present litigation. Respondents misunderstand the "prior final adjudication" element outlined in *Blake*. "The requirement of a prior 'final adjudication' pertains to the prior *action*—not the specific claim allegedly barred by res judicata." *Bison Interests, LLC v. Antero Res. Corp.*, 244 W. Va. 391, 398, 854 S.E.2d 211, 218 (2020). "The question presented is whether there was a prior action which received a final adjudication on the merits, in which action the specific claim was or could have been presented." *Id.* Specifically, the prescriptive easement claim was available to the Respondents in 2015.

There is no question that the 2015 litigation resulted in a final adjudication on the merits, as it culminated in a judgment order and final, unappealed order dismissing Respondents' complaint for declaratory relief.

The second element of res judicata requires that the two actions involve the same parties or persons in privity with those same parties. There is no reasonable question as to whether two actions involve the same parties. Respondents' claims in the 2015 litigation and the present litigation involve the Petitioner. Respondents' assertion that the addition of the eleven indispensable parties fails to foreclose the application of res judicata. The additional parties are not necessary to provide complete relief to those who are already parties. *See* Syl. Pt. 1, *Wachter v. Dostert*, 172 W. Va. 93, 303 S.E.2d 731 (1983) ("Rule 19(a) of the West Virginia Rules of Civil Procedure requires two general inquiries for joinder of a person who is subject to service of process. First, is his presence necessary to give complete relief to those already parties? Second, does he have a claim that, if he is not joined, will be impaired or will his nonjoinder result in subjecting the existing parties to a substantial risk of multiple or inconsistent obligations? If the absent person meets the foregoing test, his joinder is required."). The presence of the additional parties has no effect

7

on Respondents' rights to utilize the Petitioner's portion of the property which was the subject of the 2015 litigation and the main subject of the case at hand. Thus, as one federal court of appeals has aptly explained, "a party may not avoid the application of *re judicata* by adding new parties." *Ardis v. Anderson*, 662 Fed. Appx. 729, 732 (11th Cir. 2016) (quotations omitted).

The third element of the res judicata test is most often the focal point, since "the central inquiry on a plea of res judicata is whether the cause of action in the second suit is the same as in the first suit." *Conley*, 171 W. Va. at 588, 301 S.E.2d at 220. "[T]he cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." *Blake*, 201 W. Va. at 472, 498 S.E.2d at 44, at Syl. Pt. 4. Respondents allege that the final element of res judicata is not established in the instant matter because the 2015 litigation only determined the property rights of the parties based upon a review of the respective deeds. We disagree.

With respect to the identity of the two causes of action:

For purposes of res judicata, 'a cause of action' is the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief... The test to determine if the ... cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues ... If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by res judicata.

*Blake*, 201 W. Va. at 476, 498 S.E.2d at 48 (*quoting White v. SWCC*, 164 W. Va. 284, 290, 262 S.E.2d 752, 756 (1980)).

Respondents have failed to provide any evidence that the instant action is so vastly different than the 2015 litigation that application of res judicata would violate the notions of due process. The complaint filed in the 2015 litigation sought a determination of Respondents' property interest in the disputed alley and alleged adverse possession. The present case seeks the same determination. The recitation of facts and evidence for the basis of each complaint filed are practically identical in the assertions of when the respective properties were purchased, the length of time the properties have been occupied, and the continuous use by the parties of the disputed alley and whether that use was permissive. The evidence necessary for the 2015 case is not substantially different from the evidence necessary for the present litigation. Thus, the third element of res judicata is satisfied.

Respondents urge this Court to not apply the doctrine of res judicata rigidly as that would defeat the ends of justice. However, Respondents misapply the limited exception to

res judicata which is reserved for extraordinary circumstances. No such factors exist in the present case. Dissatisfaction with prior strategy or perceived shortcomings or outcome does not meet the high threshold for equitable relaxation of the rule. Finality is itself a cornerstone of justice. Thus, we decline to do so as no such case exists similar to the case at hand where res judicata was not applied.

Based upon the facts and circumstances of the instant appeal, the elements of res judicata have indeed been satisfied in this case. Accordingly, the circuit court erred in denying Petitioner's renewed motion for judgment as a matter of law. Having resolved the matter on appeal by addressing the issue of whether the circuit court correctly applied the doctrine of res judicata to bar the present action, we decline to consider the remaining assignments of error as they are moot.

Accordingly, we reverse the final order and remand this case to the Circuit Court of Preston County to enter a judgment and order consistent with this decision.

Reversed and Remanded.

**ISSUED:** November 13, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

9